CHARLES A. DAVIS, Respondent, *vs.* HERMAN BADER, Appellant.

1. *Practice, civil—Money had and received—Suit against collector of taxes for money received by him as taxes.*—A. sued by B. for money had and received by B. to A.'s use. The only evidence in the case was, that B. was the collector of taxes, and as such received this money in payment of A.'s taxes. *Held,* that after the reception of this money by B. it no longer belonged to A., but to the State and county, and that A. had no standing in court.

2. *Taxes—Collector's failure to credit payment—Twice paid—How recovered back.*—If B. the collector, returns A.'s taxes as delinquent, when he has paid them, and A. has been compelled to pay them twice, it may be, that A. may recover them back from B., or be substituted to the rights of the State and county.

*Appeal from Cape Girardeau Circuit Court.*

*Lewis Brown*, for Appellant.

I. There is no cause of action stated. It is the statement of a good and sufficient cause of action in the petition that gives vitality and force to the judgment. (Claflin vs. McDonough, 33 Mo., 412; 1 Chitty Pl., [6 Ed.] 129.)

II. The collector was the authorized agent of the State and county, and any payment to him of taxes assessed, extinguished the tax debt.

*Louis Houck*, for Respondent.

I. The collector received the money as the agent of the plaintiff to pay the taxes, but instead of paying the money, put the amounts in his pockets. It would seem to be clear, that he ought to be compelled to repay it to the plaintiff.

ADAMS, Judge, delivered the opinion of the court.

This was an action for money had and received by the defendant to the plaintiff's use. The plaintiff filed a bill of particulars, charging the defendant with the reception of one hundred and seventy dollars and eighty-five cents from his agent on the 25th day of November 1869.

The answer denied all the allegations of the petition. The case was submitted to a jury, and they found a verdict for the plaintiff. No instructions were asked or given on either side.

As appears from the bill of exceptions, the only evidence

given was to the effect; that the defendant was the collector for Cape Girardeau county in 1869, and had in his hands the tax-books for that year, and that the plaintiff was charged on the tax-books with the sum of one hundred and seventy dollars and eighty-five cents; that he paid to the defendant the said sum assessed against him through an agent. This evidence was objected to by the defendant, but the court overruled the objection, and he excepted.

On the part of the defendant, evidence was introduced tending to show, that, as collector of said county, he had received the taxes assessed against the plaintiff, and had received no other money from the plaintiff for any other purpose than for his taxes.

This was the substance of all the evidence in the case, as appears from the bill of exceptions.

The defendant filed a motion for a new trial upon the ground, that there was no evidence to support the verdict. The court overruled this motion, and the defendant excepted, and from the judgment rendered against him on the verdict, he has appealed to this court

Upon the evidence as presented by the bill of exceptions, the plaintiff had no standing in court. The only money received by the defendant was for taxes due from the plaintiff to the State and county. After the reception of this money by the defendant as collector, it no longer belonged to the plaintiff, but to the county of Cape Girardeau, and State of Missouri. It was not had and received by the defendant for the use of the plaintiff, but for the use of the State and county. The evidence therefore, as it stands before us in the bill of exceptions, had no tendency to prove the plaintiff's case.

It is intimated in the briefs of counsel, that the defendant failed to perform his duty as collector, by omitting to credit the plaintiff on the collector's book, by the amount of the taxes he paid, and that he made a false return by returning his taxes for 1869 as delinquent, and that he had to pay the same taxes to a subsequent collector. This case is not made by the pleadings or the evidence, and is not before us. It may be, if the

plaintiff was compelled to pay the same taxes to a subsequent collector by the official fault of the defendant, that he ought to be allowed to recover them back from the defendant, or be substituted to the rights of the State and county. But what his specific remedies may be in the premises, it is unnecessary for us now to decide; the point is not before us, and we cannot pass upon it judicially.

Judgment reversed and the cause remanded; the other judges concur.